IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN HILL DIVISION

| | | |
|---|---|---|
| Lisa A. Henderson, | ) | |
| | ) | CA No. 1:11-1395-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

The plaintiff, Lisa A. Henderson (Henderson), brought this action under 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Supplemental Security Income (SSI) under the Social Security Act (SSA). (Dkt. No. 1.)   This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rules 73.02 and 83.VII.02  of the District of South Carolina. (Dkt. No. 32.)[1] The Report recommends affirming the decision of the Commissioner to deny SSI. The court adopts the Report and affirms the denial of SSI.

I.

Henderson filed an application for SSI on July 11, 2007, alleging that she became disabled as of January 1, 2002 due to lupus, which caused myalgias, polyarthralgias, itching skin, and fatigue. Her SSI application was denied initially and upon reconsideration. An administrative

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

law judge (ALJ) conducted a hearing on January 14, 2010. On January 28, 2010, the ALJ issued a decision denying Henderson's SSI claim. Henderson requested a review of the ALJ's decision, which was denied by the Appeals Council, thereby making the ALJ's determination the final decision of the Commissioner.

Henderson then filed this action on June 8, 2011. The magistrate judge filed the Report on July 20, 2012, recommending that the Commissioner's decision be affirmed. (Dkt. No. 32.) In the Report, the magistrate judge sets forth the relevant facts and legal standards which are incorporated here by reference. Henderson timely filed objections to the Report on August 6, 2012. (Dkt. No. 35.) This matter is now ripe for review.

## II.

The role of the federal judiciary in the administrative scheme established by the SSA is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . " 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). In its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "From this it does not follow, however, that the findings of the administrative agency are to be mechanically

accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157–58.

### III.

Henderson raises several objections to the Report. In the Report, the magistrate judge recommended affirming the ALJ's determination that Henderson lacked credibility based on the lack of objective evidence and "other grounds." Henderson claims that the "other grounds" are insufficient to dismiss her credibility. Additionally, she claims that evidence in the record does support her claims. Secondly, the magistrate judge recommended affirming the ALJ's refusal to consider arthritis, carpal tunnel syndrome, and pain/swelling of the hands in the residual functional capacity (RFC) findings. Henderson claims that the ALJ did not adequately explain why he did not consider these conditions. The court finds both of these objections unpersuasive.[2]

### A.

The court will first turn to Henderson's contention that the "other grounds" established by the ALJ are insufficient to dismiss her credibility. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (stating that the ALJ is required to provide additional grounds, beyond the lack of objective evidence, why a plaintiff's testimony is not credible). The ALJ and magistrate judge note that Henderson only sought medical treatment when she was out of medication (for periods of one to five months), and even when she sought treatment, her complaints were limited. In response, Henderson argues that she could not seek treatment on a regular basis because she

---

[2] The court notes that the Report thoroughly and adequately covers these issues, but the court will briefly address them nonetheless.

could not afford to. Henderson also argues that evidence in the record supports her contention that she was in pain.

The court holds that substantial evidence supports the ALJ's determination. Even if Henderson irregularly sought treatment due to her lack of ability to pay, substantial evidence in the record shows that her complaints were minimal when she actually did seek treatment. Henderson states, "It is not reasonable to assume that Henderson was not in pain simply because she could not afford to see a doctor that could document her pain or provide objective evidence to bolster her credibility." Neither the ALJ nor the magistrate judge makes this assumption. Instead, the ALJ determined that Henderson only sought treatment for her pain when she was out of medication—and even then her pain was limited. Additionally, the court is persuaded that the record lacks objective evidence as contended by Henderson. Accordingly, the court holds that substantial evidence supports the ALJ's finding.

**B.**

Henderson also argues that the ALJ did not clearly explain why he did not consider arthritis, carpal tunnel syndrome, and pain/swelling of the hands in the RFC assessment. The ALJ did consider all relevant medical evidence—including complaints about joint pain—and that determination is supported by substantial evidence. As the magistrate and ALJ note, Henderson only complained of joint pain after running out of medication, often for a month or more. *See Gross v. Heckler*, 785 F.2d 1163, 1165–6 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication . . . it is not disabling."). As the magistrate notes, Dr. Tankersley's report, which Henderson cites as evidence of disabling joint pain/limitation, came while Henderson was not taking her medication. Beyond that report, the ALJ found that objective

clinical findings did not support Henderson's contentions. Even the evidence Henderson cites is unsupportive. For example, the radiological evidence was unsupportive of her claims.[3] And while Henderson argues that her alleged arthritis caused joint pain, the ALJ found that the joint pain was limited and only appeared when she was out of medication.[4]

**IV.**

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Henderson's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Henderson's arguments and properly addressed each in turn, finding them without merit. Having conducted the required de novo review of the issues to which Henderson has objected, the court finds no basis for disturbing the Report. The magistrate judge adequately addressed each of these issues in the Report, and the court concurs with both the reasoning and result recommended by the magistrate judge. The court adopts the Report and its recommended disposition. The court has carefully reviewed the record and finds that substantial evidence supports the Commissioner's decision that Henderson was not disabled as defined by the SSA. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that the court must uphold the Commissioner's decision as long as it is supported by substantial evidence.); *see also Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (defining substantial evidence as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion").

For the reasons set out above and in the Report, the Commissioner's final decision is

---

[3]    Further, as the Commissioner notes in his response, the x-rays only raised a "suspicion" of arthritis, while carpal tunnel syndrome was only "possible." And joint pain was not discussed during multiple visits.

[4]    Additionally, as the magistrate judge notes, Dr. Tankersley attributes the joint pain, primarily, to lupus, not arthritis. The ALJ found lupus to be a severe impairment.

**AFFIRMED.**

    **IT IS SO ORDERED.**

<u>s/Timothy M. Cain</u>

                                          Timothy M. Cain
                                          United States District Judge

Anderson, South Carolina
September 13, 2012